TUCKER ELLIS LLP
Marc R. Greenberg - SBN 123115
marc.greenberg@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone: 213.430.3400
Facsimile: 213.430.3409

*Specially Appearing for Defendant Real Property Located at 1001 S. Doubleday Avenue, Ontario, California and Claimant 1001 Doubleday LLC*

TUCKER ELLIS LLP
Chicago ◆ Cleveland ◆ Columbus ◆ Houston ◆ Los Angeles ◆ San Francisco ◆ St. Louis

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.

REAL PROPERTY LOCATED AT 1001 S. DOUBLEDAY AVENUE, ONTARIO, CALIFORNIA

Defendants.

1001 DOUBLEDAY LLC,

Claimant.

Case No. CV 18-1873 DMG (SPx)

EX-PARTE NOTICE OF MOTION AND MOTION FOR CONTINUANCE OF PLAINTIFF'S VARIOUS MOTOINS TO STRIKE CLAIMS AND ENTRY OF DEFAULT; DECLARATION OF MARC R. GREENBERG

CURRENT HEARING DATE: 10/18/2019
TIME: 9:30
CRTM: 8C

**PLEASE TAKE NOTICE** that the claimant 1001 Doubleday LLC ("Claimant") will and hereby does move (the "Motion") for continuance of the above-captioned case, including plaintiff the United States of America's pending Motion to Strike Claim of 1001 Doubleday LLC, Claimant's obligation to respond thereto, and the hearing currently scheduled thereon for October 18, 2019. This Motion shall be heard before the Honorable Dolly M. Gee, United States District Court, courtroom 8C, 350 W. 1st Street, Los Angeles, California 90012.

Tucker Ellis LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

This Motion is based upon this Notice of Motion and Motion; the attached Memorandum of Points and Authorities; the attached Declaration of Marc R. Greenberg; all orders, pleadings, motions, and other papers on file in this action; and such other and further matters as may be presented at any hearing on this Motion, including matters of which the Court may take judicial notice.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on Thursday, September 27, 2019. The conference was unsuccessful.

This Motion is being served electronically upon the United States of America.

DATED: September 27, 2019

**TUCKER ELLIS LLP**

By: /s/ Marc R. Greenberg
Marc R. Greenberg
marc.greenberg@tuckerellis.com

*Specially Appearing for Defendant Real Property Located at 1001 S. Doubleday Avenue, Ontario, California and Claimant 1001 Doubleday LLC*

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

**CLAIMANT'S MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF MOTION FOR A TEMORARY STAY**

Pursuant to the Court's inherent authorities and/or Federal Rule of Civil Procedure 6(b)(A), claimant 1001 Doubleday LLC ("Claimant") respectfully brings this motion for a ninety (90)-day continuance of the above-captioned case (including, *inter alia*, the United States of America's pending Motion to Strike Claim of 1001 Doubleday LLC, Claimant's obligation to respond thereto, and the hearing currently scheduled thereon for October 18, 2019). An identical Ex-Parte Motion has been filed in each of the related cases.

For the reasons set forth below and in the appended Declaration of Marc R. Greenberg, this Court should grant this Motion and stay this case for a period of ninety days because, *inter alia*: (i) Claimant has good cause to request the stay, (ii) this is Claimant's first request for a stay, and (iii) the United States of America will not be prejudiced. The instant motion is made to preserve the Claimant's due process rights.

## I. FACTUAL BACKGROUND

### A. Procedural History

This case arises out of an international dispute regarding tariffs and retroactive application of tariffs, tariff determinations and Scope Rulings.

The United States commenced this civil forfeiture action on September 14, 2017. On October 18. 2017, the Claimant filed a timely and verified claim with respect to defendant property, asserting that it is the owner of the property and that it intends to contest the forfeiture. (ECF No. 13). No other claims have been filed.

On April 6, 2018, Claimant filed a motion to dismiss this case. (ECF No. 14). The United States opposed the motion to dismiss. (ECF No. 16). Claimant's motion to dismiss is fully briefed and has not yet been adjudicated by the Court. On April 10, 2018, the Court entered its Order staying this action—the Court's Order remains effective. (ECF No. 24). The Order staying the action was due to an ongoing criminal investigation by the United States Attorney.

On September 9, 2019, the Court entered its Order lifting the stay for the limited purpose of allowing the United States to file a motion to strike Claimant's claim and enter default against it. (ECF No. 36). On September 16, 2019, the United States filed a motion seeking to strike the claim and enter the default of Claimant. (ECF No. 38). For the reasons stated below, Claimants cannot, at this time, appear and respond to the United States' actions.

At the present time, Tucker Ellis, counsel of record for Claimants, is without authority to oppose the United States Motion. Tucker Ellis LLP was retained to represent the Claimants in the pending civil cases while the Claimants awaited a decision by the United States Attorney and the Department of Justice on the status of the criminal investigation. Tucker Ellis' retention was solely for purposes of pre-indictment representation. Tucker Ellis is appearing to request this continuance so that it may seek authority from Claimants as to its scope of representation, including a determination as to whether a motion to withdraw its representation is appropriate. Any authority must be provided from parties in China and it is necessary to have additional time for the parties to evaluate their options and communicate with counsel.

On July 31, 2019, the United States Attorney deemed it's tactically advantageous to unseal the indictment that the United States Attorney returned back on May 7, 2019. All of the Claimants in these related actions are evaluating their options and selection of counsel. (Greenberg Decl. ¶ 2.) Meanwhile, Tucker Ellis understands that Claimants in all of the related cases are attempting to settle the criminal and civil cases through separate counsel and the parties have been negotiating in good faith with the U.S. Government to come to a resolution. *Id.* This process requires additional time. *Id.*

## II. LEGAL ARGUMENT

As the Ninth Circuit has recognized, "[a] district court has discretionary power to stay proceedings in its own court[.]" (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *Gallion v. Charter Communications Inc.*, 287 F. Supp. 3d 920, 924 (C.D. Cal. 2018) ("A district court 'has broad discretion to stay proceedings as an incident to its



TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

power to control its own docket.'") (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997))). This Court also has the authority to grant extensions of time and extend deadlines under Federal Rule Civil Procedure 6 upon a showing of "good cause[.]" Fed. R. Civ. P. 6(b)(A). The extraordinary circumstances in this case justify a temporary stay of further litigation so that Claimant can make a good faith effort to revive its corporate status under California law.

The United States seeks the entry of default and automatic forfeiture of the seized property, in part, on the basis that a corporation may appear in the federal courts only through licensed counsel, and that Tucker Ellis' representation of the Claimants was limited to pre-indictment. (*See* United States' Mot. to Strike at 1:3). As noted above, Claimants seek additional time to determine the scope of representation of Tucker Ellis, or separate counsel. In addition, some of the Claimants in the related actions need to have their corporate status restored. Even a temporary suspension under Cal. Rev. & T. Code § 23301 prevents it from litigating or undertaken other ordinary business operations pending reinstatement, Claimant's respectfully requests a temporary stay for a period of ninety days.

"Any person who attempts or purports to exercise the powers, rights and privileges of a corporation that has been suspended pursuant to Section 23301 … is punishable by a fine of not less than two hundred fifty dollars ($250) and not exceeding one thousand dollars ($1,000) ***or*** by imprisonment not exceeding one year, or both fine and imprisonment." Cal. Rev. & T. Code § 19719(a). In other words, a violation of Section 23301 can result in criminal penalties. **Counsel, however, can move for a continuance or stay on behalf of a suspended corporation.** *See United States v. 2.61 Acres of Land, More or Less, Situated in the County of Mariposa, Cal.*, 791 F.2d 666, 669-670 (9th Cir. 1986) (finding that suspension under Section 23301 was meant to persuade companies to pay their taxes, "not to preclude meritorious defenses on technical grounds" (internal citations omitted)); *A.E. Cook Co. v. K S Racing Enters., Inc.*, 79 Cal. Rptr. 123, 124 (Cal. Ct. App. 1969) ("[T]he court may grant a continuance in order to allow the delinquent





TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

corporation to secure a reviver.”). Hence, it is appropriate for Claimant and its counsel to appear specially and solely to file this Motion seeking a continuance to allow the Claimants in the various related cases to retain counsel.

The Claimant’s need to determine its legal representation and scope thereof as well as address its deficiencies in corporate legal status constitutes good cause to delay the hearing on the United States’ Motion To Strike. As set forth in the attached Declaration of Marc R. Greenberg, Claimant and its advisors are attempting to negotiate a settlement with the United States Attorney resolving this matter and, if necessary, engage in the process to obtain its reinstatement. Moreover, pursuant to this Court’s Order dated April 10, 2018, this action is already stayed other than for purposes of adjudicating the United States’ Motion to Strike and, therefore, the United States will not suffer any prejudice if the Court delays consideration of the United States Motion to Strike for a period of ninety days. Finally, this is Claimant’s first request for a delay.

Therefore, Claimant has good cause to request a continuance while Claimant cures its technical deficiencies and determines its representation for this matter.

## III. CONCLUSION

For all of the foregoing reasons, claimant Perfectus Aluminum, Inc. respectfully requests that the Court grant this Motion, enter an order staying this action for a period of ninety days, and grant such other and further relief as it deems just and proper.

DATED: September 27, 2019

Respectfully submitted:

**TUCKER ELLIS LLP**

By: /s/ Marc R. Greenberg

Marc R. Greenberg
marc.greenberg@tuckerellis.com

*Specially Appearing for Defendant Real Property Located at 1001 S. Doubleday Avenue, Ontario, California and Claimant 1001 Doubleday LLC*



TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

CERTIFICATE OF CONFERENCE This motion is made following the attempted conference with counsel for the government, Assistant United States Attorney Steven Welk on, pursuant to L.R. 7-3 on September 26, 2019. After discussing the issues AUSA Welk informed Mr. Greenberg that the government is not willing to stipulate to any delay in the proceedings. AUSA Welk decline to agree to any continuance whatsoever and stated that the government would oppose any request for a stay or delay of the government's motion.

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

**Declaration of Marc R. Greenberg**

I, Marc R. Greenberg, declare as follows:

1. I am an attorney duly licensed in the State of California and counsel with the law firm of Tucker Ellis LLP.

2. Tucker Ellis LLP was retained to represent the Claimants in the civil cases while the Claimants awaited a decision by the United States Attorney and the Department of Justice on the status of the criminal investigation. Tucker Ellis was retained only for purposes of pre-indictment representation. On July 31, 2019, the government has deemed it's tactically advantageous to unseal an indictment that was returned back on May 7, 2019. The Claimants are evaluating their options and selection of counsel. At the present time Tucker Ellis is not authorized to appear or speak on behalf of the Claimants beyond making the instant ex-parte motion to preserve the Claimants' due process rights.

3. I am informed that Claimants have been engaged in settlement discussions with the United States Attorney's Office and the Department of Justice.

4. Tucker Ellis is appearing special solely to requests a temporary stay for a period of ninety days. The time is needed so allow Claimant to address its structural impediments. Further, Claimant needs time to retain counsel that may, or may not, be Tucker Ellis.

5. On September 26, 2019, I spoke with Assistant United States Attorney Steven Welk concerning Claimant's need for time to address the structural impediments to defending this action and Claimant's need to assemble a team of lawyers to respond to the government's efforts to forfeit millions of dollars in property. While AUSA Welk was cordial and appreciative of our need for time, after speaking with his co-counsel, he was unable to agree to any delay whatsoever. AUSA Welk indicated that he was not in a position to provide the courtesy normally extended to defense counsel. He assumed me that it was "nothing personal" and I accept that assurance. AUSA Welk confirmed that the parties have been engaged in settlement discussions. AUSA Welk stated that the

government would oppose any motion to delay the hearing currently set for October 18, 2019.

6. I am not aware of any urgency with respect to the properties at issue. The properties are not in disrepair or threat of being damaged or demolished. Plaintiff's desire for the proceeds from any sale of the property will not be diminished by the passage of an additional 90 days and Plaintiffs have not indicated that the United States has any particular immediate need for the property.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 27th day of September, 2019 at Los Angeles, California.

Dated: September 27, 2019

/s/ Marc R. Greenberg
Marc R. Greenberg

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

TUCKER ELLIS LLP
Chicago ◆ Cleveland ◆ Columbus ◆ Houston ◆ Los Angeles ◆ San Francisco ◆ St. Louis

**CERTIFICATE OF SERVICE**

I declare that I am a citizen of the United States and a resident of Los Angeles, California or employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My Business address is Tucker Ellis LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071-2223.

On September 27, 2019, I served the following document entitled **EX-PARTE NOTICE OF MOTION AND MOTION FOR CONTINUANCE OF PLAINTIFF'S VARIOUS MOTOINS TO STRIKE CLAIMS AND ENTRY OF DEFAULT; DECLARATION OF MARC R. GREENBERG** on the interested parties in this action by:

**(X)** **ELECTRONICALLY VIA ECF:** the above-entitled documents to be served electronically through the United States District Court, Central District ECF website, addressed to all parties appearing on the Court's ECF service list. A copy of the "Filing Receipt" page will be maintained with the original document in our office.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 27, 2019, at Los Angeles, California.

*/s/ Marc R. Greenberg*
Marc R. Greenberg