Stephen G. Larson (SBN 145225)
slarson@larsonobrienlaw.com
Hilary Potashner (SBN 167060)
hpotashner@larsonobrienlaw.com
LARSON O'BRIEN LLP
555 South Flower Street, Suite 4400
Los Angeles, CA 90071
Telephone:  213-436-4888
Facsimile:  213-623-2000

Attorneys for Claimant
10681 PRODUCTION AVENUE, LLC

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>       v.<br><br>REAL PROPERTY LOCATED AT 10681 PRODUCTION AVENUE, FONTANA, CALIFORNIA,<br><br>                    Defendant. | CASE NO.:  5:17-cv-01872-DMG (SPx)<br>[Hon. Dolly M. Gee]<br><br>**CLAIMANT 10681 PRODUCTION AVENUE, LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE CLAIM OF 10681 PRODUCTION AVENUE, LLC AND ENTER DEFAULT**<br><br>[*Filed concurrently with Declaration of Hilary Potashner; Request for Judicial Notice; and [Proposed] Order in support thereof*]<br><br>Date:   December 13, 2019<br>Time:  10:00 a.m.<br>Room: 8C<br><br>Complaint filed on: September 14, 2017 |

## I. INTRODUCTION

10681 Production Avenue, LLC ("Production") is entitled to file a claim to the property located at 10681 Production Avenue, Fontana, California (the "Property") and defend itself against the government's attempt to default against 600,000 square feet of premium warehouse space.

There is absolutely no bar to Production's claim. As an initial matter, Production is represented by counsel, Stephen G. Larson, and Hilary Potashner, from the law firm of Larson O'Brien LLP. In addition, the law is well-settled that a forfeited foreign corporation is not barred from litigating in federal court when the claims arise under federal question jurisdiction. Production is entitled to exercise its legal rights to seek a claim in this action through its attorneys.

Furthermore, the fugitive disentitlement doctrine does not apply to Production. The doctrine is only applicable to a corporation if its "majority shareholder" or "individual filing the corporation's claim" is a "fugitive" as defined under 28 U.S.C. § 2466. Neither Scuderia Capital Partners, Inc. ("Scuderia Capital"), nor its sole shareholder, Zhijie Wang, is a fugitive avoiding criminal prosecution. Because the statutory prerequisites have not been satisfied, Production is not subject to disentitlement pursuant to this doctrine.

Accordingly, the Court should deny the government's request to strike Production's claim.

## II. BACKGROUND

### A. 10681 Production Avenue, LLC

On September 8, 2009, Production registered with California's Secretary of State as a foreign limited liability company in the jurisdiction of Delaware. Request for Judicial Notice ("RJN"), Ex. 1. On July 3, 2017, Production filed its Statement of Information with California's Secretary of State. RJN, Ex. 2. The Statement of Information lists Zhije Wang ("Wang") as the CEO and sole Manager of Production. *Id*.

On November 11, 2019, Production filed a Statement of No Change with California's Secretary of State, continuing to list Wang as the CEO. RJN, Ex. 3.

The sole member of Production is Scuderia Capital, a Delaware corporation. Doc. # 13. Scuderia Capital is an active "foreign stock" corporation in the jurisdiction of Delaware and was registered with California's Secretary of State on November 17, 2010. RJN, Exs. 4, 5. On July 3, 2017, Scuderia Capital filed its Statement of Information with California's Secretary of State. RJN, Ex. 6. The Statement of Information lists Wang as the CEO, Secretary and CFO of Scuderia Capital. *Id*. On August 28, 2019, Scuderia Capital filed a Statement of No Change with California's Secretary of State. RJN, Ex. 7. Wang is the sole shareholder of Scuderia Capital. Doc. # 13.

### B. Civil Forfeiture Proceedings

On September 14, 2017, the government commenced a civil forfeiture action against Defendant Real Property Located at 10681 Production Avenue, Fontana, California. Doc. # 1. On October 3, 2017, Wang filed a verified claim as the "ultimate beneficial owner" of the Property. *See* Doc. # 13. Wang declared that the sole member of Production is Scuderia Capital and that the Property is wholly owned by Production. *Id*.

### C. Criminal Proceedings

On May 7, 2019, the government filed criminal charges against individuals and corporate defendants for the alleged illegal importation of aluminum extrusions into the United States: (1) Zhongtian Liu; (2) China Zhongwang Holdings Limited; (3) Zhaohua Chen; (4) Xiang Chun Shao; (5) Perfectus Aluminum Inc.; (6) Perfectus Aluminum Acquisitions, LLC; (7) Scuderia Development, LLC; (8) 1001 Doubleday, LLC; (9) Von Karman-Main Street, LLC; and (10) 10681 Production Avenue, LLC (collectively, "Defendants"). RJN, Ex. 8. Defendants have not appeared in the criminal action. RJN, Ex. 9.

On September 19, 2019, the Court issued an order finding that Defendants

1 Perfectus Aluminum Inc., Perfectus Aluminum Acquisitions, LLC, and Scuderia Development, LLC were properly served and failed to appear. RJN, Ex. 10. The Court ordered that Defendants Perfectus Aluminum Inc., Perfectus Aluminum Acquisitions, LLC, and Scuderia Development, LLC pay civil contempt sanctions. *Id*. On October 7, 2019, the Court issued an order finding that Defendants 1001 Doubleday LLC, Von Karman–Main Street, LLC, and 10681 Production Avenue LLC were properly served, failed to appear and ordered the Defendants to pay civil contempt sanctions. RJN, Ex. 11.

### III. ARGUMENT

#### A. Production is Not Barred From Participating in This Action

Production is not barred from participating in this federal civil forfeiture action. In its motion to strike, the government asserts that Production "forfeited" its rights to defend this lawsuit under Cal. Rev. & Tax Code § 23301 because it has not satisfied its tax obligations. *See* Gov't Motion to Strike, pp. 11-13. This argument is without merit. The cases relied upon by the government all involved state law claims that were brought to federal court under diversity jurisdiction. *See Bozzio v. EMI Grp. Ltd*., 811 F.3d 1144, 1149 (9th Cir. 2016); *Weinstock v. Sinatra*, 379 F. Supp. 274, 275 (C.D. Cal. 1974). However, this case was brought under the federal civil forfeiture statute, 19 U.S.C. § 1595(a), and thus arises under federal question jurisdiction.

It is well-settled that "door closing statutes," such as Cal. Rev. & Tax Code § 23301, are not an impediment to federal question jurisdiction. *See Sierra Ass'n for Env't v. F.E.R.C.*, 744 F.2d 661, 662 (9th Cir. 1984) (rejecting the argument that a suspended corporation lacked capacity to sue where the action arose under federal law); *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 819 (9th Cir. 1996); *S. California Darts Ass'n v. Zaffina*, 762 F.3d 921, 927 (9th Cir. 2014); *J & J Sports Prod., Inc. v. Humphries Enterprises, LLC*, 715 F. Supp. 2d 71, 74 (D.D.C. 2010).

The government's reliance on *Woods v. Interstate Realty Co*., 337 U.S. 535, 538

(1949) for the proposition that "where one is barred from recovery in state court, he should likewise be barred in the federal court" is misplaced. See Gov't Motion to Strike, p. 6. Indeed, the government notably omitted the critical language prior, where the Court noted that "[t]he York case was premised on the theory that a right which local law creates but which it does not supply with a remedy is no right at all *for purposes of enforcement in a federal court in a diversity case*." *Woods*, 337 U.S. at 538 (emphasis added). The full citation to *Woods* proves that the government's argument is unfounded.

Furthermore, the "suspension statutes are not intended to be punitive;" rather, they are intended "to motivate delinquent corporations to pay back taxes or file missing statements." *Cadle Co. v. World Wide Hospitality Furniture, Inc*., 144 Cal.App.4th 504, 512 (2006) (holding the trial court abused its discretion by entering judgment against a corporation based on its suspended status). Leniency is routinely given in situations where the corporation's suspended status "only comes to light during litigation" and the routine practice is to "permit a short continuance to enable the suspended corporation to effect reinstatement." *Moofly Prods., LLC v. Favila*, 2013 WL 12114416, at *3 (C.D. Cal. Nov. 25, 2013) (quoting *Timberline, Inc. v. Jaisignhani*, 54 Cal.App.4th 1361, 1365 (1997)). On information and belief, Production is currently in the process of reviving its foreign corporation status with California's Secretary of State. *See* Declaration of Hilary Potashner, ¶ 2. Therefore, it would be improper to bar Production from defending its claim to the Property while it is in the process of reviving its foreign corporation status.

Accordingly, Production is not barred from participating in this action.

### B. Production is Represented by Counsel

Production has retained Stephen G. Larson and Hilary Potashner, from the law firm of Larson O'Brien LLP, to represent it in this action.[1] Marc R. Greenberg of the law firm Tucker Ellis LLP was previously retained as counsel for Production. The government's argument that Production is barred from participating in this action due to its lack of

---

[1] A "Request to Substitute Attorney" was filed concurrently with this opposition.

counsel is therefore moot.

### C. The Fugitive Disentitlement Doctrine is Inapplicable

Fugitive disentitlement is "a severe sanction that courts should not lightly impose." *Mastro v. Rigby*, 764 F.3d 1090, 1096 (9th Cir. 2014) (quoting *United State v. Murguia-Oliveros*, 421 F.3d 951, 954 (9th Cir. 2005). Under the fugitive disentitlement doctrine, codified at 28 U.S.C. § 2466, a court *may* disentitle a claimant if the five following elements are met: "(1) a warrant or similar process must have been issued in a criminal case for the claimant's apprehension; (2) the claimant must have had notice or knowledge of the warrant or process; (3) the criminal case must be related to the forfeiture action; (4) the claimant must not be confined or otherwise held in custody in another jurisdiction; and (5) the claimant must have deliberately avoided criminal prosecution by leaving the United States, declining to enter or reenter the country, or otherwise evading the criminal court's jurisdiction." *U.S. v. $6,190.00 in U.S. Currency*, 581 F.3d 881, 886 (9th Cir. 2009).

The fugitive disentitlement doctrine does not apply to corporations unless its majority shareholder or the individual asserting claims on behalf of the corporation is a fugitive. 28 U.S.C. §2466(b) (corporate claimant may be disentitled "if any majority shareholder, or individual filing the claim on behalf of the corporation is a person" to whom the statutory prerequisites are met); *U.S. v. $6,976,934.65 Plus Interest*, 478 F. Supp. 2d 30, 43 (D.D.C. 2007) (§ 2466(b) "allows a court to act in cases where the relationship between a corporate entity-claimant and a fugitive natural person is such that the person can be said to be acting through the corporate entity in an attempt at 'using the resources of the courts of the United States in furtherance of a claim' in a forfeiture case"). Indeed the statute's legislative history demonstrates that a corporation alone cannot be a "fugitive." *See* Pub. L. No. 107-56, tit. III, § 322, 115 Stat. 272 (2001) ("[§2466(b)] clarifies that a *natural person* who is a fugitive may not circumvent this provision by filing, or having another *person* file, a claim *on behalf of* a corporation that

the fugitive controls.") (emphasis added).

In this case, the fugitive disentitlement doctrine does not apply because Wang and Scuderia Capital are not named defendants in the related criminal prosecution.[2] RJN, Ex. 8. As such, by definition, Wang and Scuderia Capital are not "fugitives" within the meaning of 28 U.S.C. § 2466. "If a required element of [§ 2466](a) is not present, or if [§ 2466](b) does not pertain, the [c]ourt lacks the authority to disallow the claim." *$6,976,934.65 Plus Interest*, 478 F. Supp. 2d at 39. Because Scuderia Capital and Wang are not criminal defendants, the government cannot show that "a warrant or similar process [has] been issued in a criminal case for the claimant's apprehension," that the claimant "had notice or knowledge of the warrant or process," and that the claimant "deliberately avoided criminal prosecution …" *$6,190.00 in U.S. Currency*, 581 F.3d at 886. Consequently, the fugitive disentitlement doctrine does not apply.

The government's reliance on *U.S. v. All Assets Listed in Attachment A* is misplaced. There, the individual defendant filing claims in the forfeiture proceedings on behalf of various corporations was determined to be a "fugitive" under section 2466(a) and was the majority shareholder of those corporate claimants. *See United States v. All Assets Listed in Attachment A*, 89 F. Supp. 3d 813, 828 (E.D. Va. 2015). Here, Wang – the majority shareholder of Scuderia Capital – is *not* an indicted defendant in the related criminal proceedings and therefore, by definition, cannot be a "fugitive" to whom the fugitive disentitlement doctrine applies. *See* RJN Ex. 8. Rather, the decision in *United States v. Any & all Funds on Deposit in Account No. XXXXX-XXXXXXXX at HSBC Bank PLC, 55 Corp. St., Coventry, United Kingdom ("Any & All Funds on Deposit")*, 87 F. Supp. 3d 163, 168 (D.D.C. 2015) provides a far more pertinent analysis. The claimant in that case, like Wang, was not deliberately avoiding prosecution, and could not be a

---

[2] Scuderia Capital, the sole member of Production, is wholly owned by Wang. The government does not challenge (or attempt to challenge) the veracity of Wang's claim that she is the sole shareholder of Scuderia Capital. *See* Doc. # 13; Gov't Motion to Strike, pp. 8-10.

"fugitive" under section 2466(a). *Any and all Funds on Deposit*, 87 F. Supp. 3d at 168. Thus, the court in *Any & All Funds on Deposit* determined that the fugitive disentitlement doctrine was inapplicable. *Any and All Funds on Deposit*, 87 F. Supp. 3d at 168. The same result applies here.

Accordingly, Production is entitled to seek a claim to the Property and the government's motion to strike should be denied.

## IV. CONCLUSION

Based on the foregoing, the Court should deny the government's motion to strike Production's claim to the Property and request to enter default against Production.

DATED: November 22, 2019  **LARSON O'BRIEN LLP**

/s/ Hilary Potashner
Stephen G. Larson
Hilary Potashner

Attorneys for Claimant
10681 PRODUCTION AVENUE, LLC