UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case Nos. | **SA CV 17-01592 DMG (SPx)**<br>**ED CV 17-01872 DMG (SPx)**<br>**ED CV 17-01873 DMG (SPx)** ✓<br>**ED CV 17-01875 DMG (SPx)** | Date | August 6, 2021 |
|---|---|---|---|
| Titles | *United States of America v. Real Property Located at 2323 Main Street, Irvine, California; United States of America v. Real Property Located at 10681 Production Avenue, Fontana, California; United States of America v. Real Property Located at 1001 S. Doubleday Avenue, Ontario, California; United States of America v. Real Property Located at 14600 Innovation Drive, Riverside, California* | Page | 1 of 12 |

Present: The Honorable     DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE CLAIMANTS' MOTIONS TO DISMISS**

## I.
## INTRODUCTION

On September 14, 2017, Plaintiff United States of America filed four nearly identical Verified Complaints for Civil Forfeiture pursuant to 19 U.S.C. § 1595a(a) against four different real properties, which shall hereinafter be designated the Irvine Warehouse, the Fontana Warehouse, the Ontario Warehouse, and the Riverside Warehouse, respectively. *See* V. Compl., No. SA CV 17-01592 DMG (SPx) [Doc. # 1]; V. Compl., No. ED CV 17-01872 DMG (SPx) [Doc. # 1]; V. Compl., No. ED CV 17-01873 DMG (SPx) [Doc. # 1]; V. Compl., No. ED CV 17-01875 DMG (SPx) [Doc. # 1]. Thereafter, the following entities each filed a Claim: (1) Von Karman – Main Street, LLC ("Von Karman") filed a Claim for the Irvine Warehouse, Claim, No. SA CV 17-01592 DMG (SPx) [Doc. # 13]; (2) 10681 Production Avenue, LLC ("Production") filed a Claim for the Fontana Warehouse, Claim, No. ED CV 17-01872 DMG (SPx) [Doc. # 13]; (3) 1001 Doubleday, LLC ("Doubleday") filed a Claim for the Ontario Warehouse, Claim, No. ED CV 17-01873 DMG (SPx) [Doc. # 13]; and (4) Scuderia Development, LLC ("Scuderia") filed a Claim for the Riverside Warehouse. Claim, No. ED CV 17-01875 DMG (SPx) [Doc. # 12].

Each Claimant subsequently filed nearly identical motions to dismiss ("MTD") pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* MTD, No. SA CV 17-01592 DMG (SPx) [Doc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case Nos. | **SA CV 17-01592 DMG (SPx)**<br>**ED CV 17-01872 DMG (SPx)**<br>**ED CV 17-01873 DMG (SPx)** ✓<br>**ED CV 17-01875 DMG (SPx)** | Date | August 6, 2021 |
|---|---|---|---|
| Titles | *United States of America v. Real Property Located at 2323 Main Street, Irvine, California; United States of America v. Real Property Located at 10681 Production Avenue, Fontana, California; United States of America v. Real Property Located at 1001 S. Doubleday Avenue, Ontario, California; United States of America v. Real Property Located at 14600 Innovation Drive, Riverside, California* | Page | 2 of 12 |

# 14]; MTD, No. ED CV 17-01872 DMG (SPx) [Doc. # 14]; MTD, No. ED CV 17-01873 DMG (SPx) [Doc. # 14]; MTD, No. ED CV 17-01875 DMG (SPx) [Doc. # 13]. The parties have since fully briefed each motion with nearly identical briefing.

On February 23, 2018, Plaintiff and Claimants in these four real property civil forfeiture actions stipulated to stay their respective actions pending the resolution of a related federal criminal investigation. *See, e.g.*, Stip., No. SA CV 17-01592 DMG (SPx) [Doc. # 22].[1] Accordingly, the Court ordered the instant actions stayed. [Doc. # 24.] On September 9, 2019, the Court granted Plaintiff's application to lift the stay for the limited purpose of permitting Plaintiff to file a motion to strike each Claimant's claims under the Fugitive Disentitlement Act, because none of the Claimants had yet appeared in their criminal actions. [Doc. # 36]. Although the Court initially granted the motions to stay, struck each claim, and denied the pending MTDs as moot, the Court reconsidered and vacated its Order after the Claimants retained counsel and appeared in their criminal actions. [Doc. ## 56, 66]. The MTDs therefore are not moot.

On June 21, 2021, the parties stipulated to lift the stay for the limited purpose of filing supplemental briefing on the MTDs and resolving them. [Doc. # 72]. Upon the Court's approval of the stipulation, Claimants filed nearly identical supplemental briefs in their respective cases. [Doc. # 75]. Plaintiff filed its nearly identical supplemental brief on July 9, 2021. [Doc. # 76].

Because the briefing on each MTD is nearly identical, the Court will resolve each MTD in this omnibus Order. For the reasons stated below, the Court **GRANTS** Claimants' respective MTDs, with leave to amend.

---

[1] Unless otherwise stated, this Order's citations specifically refer to relevant filings made in the Irvine Warehouse case (*i.e.*, No. SA CV 17-01592 DMG (SPx)), which are identical in all material respects to the filings made in the other three cases.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case Nos. | SA CV 17-01592 DMG (SPx)<br>ED CV 17-01872 DMG (SPx)<br>ED CV 17-01873 DMG (SPx) ✓<br>ED CV 17-01875 DMG (SPx) | Date | August 6, 2021 |
|---|---|---|---|
| Titles | *United States of America v. Real Property Located at 2323 Main Street, Irvine, California; United States of America v. Real Property Located at 10681 Production Avenue, Fontana, California; United States of America v. Real Property Located at 1001 S. Doubleday Avenue, Ontario, California; United States of America v. Real Property Located at 14600 Innovation Drive, Riverside, California* | Page | 3 of 12 |

## II.
## LEGAL STANDARDS

The Supplemental Rules for Admiralty and Maritime Claims apply to forfeiture actions in rem arising from federal statutes. Fed. R. Civ. P. Supp. A(1)(B). Under those Rules, a Complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. G(2)(f); *see also* 12 Charles Alan Wright, et al., Federal Practice & Procedure § 3242 (2d ed. 2017) (stating that the Rules governing civil forfeiture actions "require[] a more particularized complaint than is demanded of civil actions generally . . . ."). Nonetheless, the United States is not required to satisfy "the preponderance [of the evidence] standard merely to *commence* an action[,]" especially considering that the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") "provides expressly that the government may use evidence gathered after the filing of a forfeiture complaint to meet this burden." *See United States v. Real Prop. Located at 5208 Los Franciscos Way*, 385 F.3d 1187, 1193 (9th Cir. 2004) (citing 18 U.S.C. § 983(c)(2)).

Moreover, in civil forfeiture actions, the Federal Rules of Civil Procedure apply "except to the extent that they are inconsistent with the[] Supplemental Rules." Fed. R. Civ. P. Supp. A(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. A court may grant such a dismissal only where the plaintiff fails to present a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts must accept all factual allegations as true on a Rule 12(b)(6) motion, legal conclusions are not entitled to the assumption of truth. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case Nos. | SA CV 17-01592 DMG (SPx)<br>ED CV 17-01872 DMG (SPx)<br>ED CV 17-01873 DMG (SPx) ✓<br>ED CV 17-01875 DMG (SPx) | Date | August 6, 2021 |
|---|---|---|---|
| Titles | *United States of America v. Real Property Located at 2323 Main Street, Irvine, California; United States of America v. Real Property Located at 10681 Production Avenue, Fontana, California; United States of America v. Real Property Located at 1001 S. Doubleday Avenue, Ontario, California; United States of America v. Real Property Located at 14600 Innovation Drive, Riverside, California* | Page | 4 of 12 |

Should a court dismiss certain claims, "[l]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*)).

### III.
### FACTUAL BACKGROUND[2]

Until approximately 2011, the "main business" of Perfectus Aluminum, Inc. ("Perfectus") was importing aluminum extrusions, "that is, aluminum objects such as bars, tubes, or other parts."[3] V. Compl. at ¶¶ 7.a, 11.c. On May 26, 2011, the U.S. Department of Commerce ("DOC") issued an antidumping order (in case number A-570-967) and a countervailing duties order (in case number C-570-968), respectively, that imposed import duties of up to 400% on certain aluminum extrusions, including extrusions made of Series 6 aluminum imported from China ("AD/CVD Orders").[4] *See id.* at ¶ 18; Aluminum Extrusions from the People's Republic of China: Antidumping Duty Order, 76 Fed. Reg. 30650, 30650–53 (May 26, 2011); Aluminum Extrusions from the People's Republic of China: Countervailing Duty Order, 76 Fed. Reg. 30653, 30653–55 (May 26, 2011). These AD/CVD Orders were prompted by investigations that the DOC and the U.S. International Trade Commission ("USITC") had undertaken, which "determined that aluminum extrusions from China materially injured the U.S. domestic aluminum industry." *See* V. Compl. at ¶¶ 10.b; 18.

---

[2] Because the Court does not rely on any of the documents of which Claimants request judicial notice, each Claimants' request for judicial notice ("RJN") attached to their MTDs is **DENIED as moot**.

[3] Although Perfectus was not formed until seven separate entities merged in 2014, the Verified Complaints' references to "Perfectus" include Perfectus Aluminum, Inc. and its seven predecessor entities. *See* V. Compl. at ¶ 7.a, n.1. This Order will do the same.

[4] According to the Verified Complaints, "'[d]umping' is the practice of importing goods into the United States and selling those goods at less than fair value[,]" and "'[c]ountervailing duties' are duties imposed on imported goods that have been subsidized by the exporting country." V. Compl. at ¶ 16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case Nos. | **SA CV 17-01592 DMG (SPx)**<br>**ED CV 17-01872 DMG (SPx)**<br>**ED CV 17-01873 DMG (SPx)** ✓<br>**ED CV 17-01875 DMG (SPx)** | Date | August 6, 2021 |
|---|---|---|---|
| Titles | ***United States of America v. Real Property Located at 2323 Main Street, Irvine, California; United States of America v. Real Property Located at 10681 Production Avenue, Fontana, California; United States of America v. Real Property Located at 1001 S. Doubleday Avenue, Ontario, California; United States of America v. Real Property Located at 14600 Innovation Drive, Riverside, California*** | Page | 5 of 12 |

After the issuance of the AD/CVD Orders, Perfectus stopped importing aluminum extrusions and "began importing mass quantities of what were purported to be aluminum pallets into the United States from China." *See id.* at ¶ 11.c. In total, Perfectus imported approximately 2,190,000 of such "pallets" from 2011 to 2014. *Id.* "These 'pallets' were largely tack-welded (or spot-welded), heavy, and made of expensive [Series 6] aluminum, making them impractical for real-world use and too expensive to be sold for use as pallets." *See id.* at ¶¶ 20–21. "At no time during the relevant period of importation . . . were there existing customers for the 'pallets,' and the 'pallets' were not suitable to be sold in the existing aluminum pallet market." *Id.* at ¶ 27. None of these aluminum pallets were ever sold or leased in the United States. *Id.*

Plaintiff avers that upon importation of these aluminum pallets from China, Perfectus and its agents falsely represented on customs forms submitted to U.S. Customs and Border Protection ("CBP") that these imports were "finished product[s]" in order to avoid incurring the customs duties imposed by the AD/CVD Orders. *See id.* at ¶¶ 22, 24. Plaintiff alleges that through this scheme, Perfectus avoided paying more than $1.5 billion in tariffs. *Id.* at ¶ 25. After Perfectus imported the aluminum pallets, Perfectus stockpiled the imports in the four Warehouse Defendants in these actions. *See id.* at ¶¶ 26, 47. Perfectus "planned to melt the 'pallets' into aluminum billet, which would then be sold in the U.S. market[.]" *See id.* Perfectus initially planned to melt the aluminum pallets into aluminum billet in Barstow, California or at a facility belonging to Aluminum Shapes, LLC. *See id.* at ¶¶ 13.a–d, 27. After Dupré Analytics published a report in 2015 that accused Perfectus's related entities of engaging in market fraud, however, Perfectus decided to export the aluminum pallets to Vietnam, melt down the pallets in that country, and reintroduce the aluminum into the U.S. market as Vietnamese aluminum that would not be subject to the AD/CVD Orders. *See id.* at ¶¶ 34, 48.

In May 2016, Perfectus instructed its freight forwarder to use the terms "aluminum extrusions" and "alloyed aluminum extrusions" in documents filed with CBP in connection with the intended exportation of several of these aluminum pallets to Vietnam. *Id.* at ¶ 35. Perfectus later transported some of these aluminum pallets from the Irvine Warehouse to the Port of Long

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case Nos. | SA CV 17-01592 DMG (SPx)<br>ED CV 17-01872 DMG (SPx)<br>ED CV 17-01873 DMG (SPx) ✓<br>ED CV 17-01875 DMG (SPx) | Date | August 6, 2021 |
|---|---|---|---|
| Titles | *United States of America v. Real Property Located at 2323 Main Street, Irvine, California; United States of America v. Real Property Located at 10681 Production Avenue, Fontana, California; United States of America v. Real Property Located at 1001 S. Doubleday Avenue, Ontario, California; United States of America v. Real Property Located at 14600 Innovation Drive, Riverside, California* | Page | 6 of 12 |

Beach, some of which the Government formally seized in January 2017. *See id.* at ¶¶ 36–45. From May 2017 to June 2017, Perfectus transported multiple aluminum pallets from the four Warehouses to facilities owned by UNIS, a third-party storage company. *See id.* at ¶¶ 49–50. By June 2017, the Ontario and Fontana warehouses had been emptied of their aluminum pallets. *Id.* at 16 n.9.

Plaintiff initiated the instant forfeiture cases on September 14, 2017, asserting that the aluminum pallets that were stored at the four Warehouses constitute property involved in a conspiracy to violate 18 U.S.C. § 542 (prohibiting the use of false statements to import goods), 18 U.S.C. § 545 (criminalizing the "knowing[] and willful . . . smuggl[ing]" of goods into the United States); and 13 U.S.C. § 305 (proscribing the knowing submission of false or misleading export information).[5] V. Compl. at ¶¶ 20, 53. Plaintiff further claims that the Warehouses are subject to forfeiture pursuant to 19 U.S.C. § 1595a(a) because they were "used to conceal and harbor the illegally-entered 'pallets[.]'"[6] *Id.*

## IV.
## DISCUSSION

Claimants raise several arguments in support of their respective MTDs: (1) the Warehouses are not forfeitable under 19 U.S.C. § 1595a(a), (2) Plaintiff's violations of the Due Process Clause bar the instant civil forfeiture proceedings, (3) Plaintiff does not state a viable civil forfeiture claim because the Scope Ruling cannot be applied retroactively, and (4) Plaintiff's Verified Complaints otherwise fail to allege sufficient facts to state a claim for

---

[5] Plaintiff alleges that this conspiracy violated 18 U.S.C. section 371, *see* V. Compl. at ¶ 20, which prohibits "two or more persons [from] conspir[ing] either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose"; the statute also requires a showing that "one or more such persons [did] any act to effect the object of the conspiracy[.]" *See* 18 U.S.C. § 371.

[6] The parties and the Court refer to the property at issue as "the Warehouses" as shorthand for the real property on which the Warehouses are located.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case Nos. | **SA CV 17-01592 DMG (SPx)**<br>**ED CV 17-01872 DMG (SPx)**<br>**ED CV 17-01873 DMG (SPx)** ✓<br>**ED CV 17-01875 DMG (SPx)** | Date | August 6, 2021 |
|---|---|---|---|
| Titles | *United States of America v. Real Property Located at 2323 Main Street, Irvine, California; United States of America v. Real Property Located at 10681 Production Avenue, Fontana, California; United States of America v. Real Property Located at 1001 S. Doubleday Avenue, Ontario, California; United States of America v. Real Property Located at 14600 Innovation Drive, Riverside, California* | Page | 7 of 12 |

relief. *See* MTD at 16–28. The supplemental briefs focus only on the first argument and expand upon Claimants' argument that 19 U.S.C. section 1595(a) cannot be construed to authorize the forfeiture of real property.

Claimants argue that Plaintiff may not initiate *in rem* civil forfeiture proceedings pursuant to Section 1595a(a) because that statute, part of the Tariff Act of 1930, does not apply to real property. MTD at 27–28; Claimants' Supp. Br. at 2-10. The section at issue provides:

> Except as specified in subsection (b) or (c) of section 1594 of title, every vessel, vehicle, animal, aircraft, or other thing used in, to aid in, or to facilitate, by obtaining information or in any other way, the importation, bringing in, unlading, landing, removal, concealing, harboring, or subsequent transportation of any article which is being or has been introduced, or attempted to be introduced, into the United States contrary to law, whether upon such vessel, vehicle, animal, aircraft, or other thing or otherwise, may be seized and forfeited together with its tackle, apparel, furniture, harness, or equipment.

19 U.S.C. § 1595a(a). Claimants' reply and supplemental briefs argue that real property is not a "thing" as that term is used in the statute because (1) the statutory constructive canon of *ejusdem generis* limits that term such that it is of "the same type" as the other terms listed in Section 1595a(a), and (2) the canon of *expressio unius est exclusio alterius* implies that where specific references to real property exist in the Tariff Act, Congress purposefully excluded real property from Section 1595a(a). *See* Reply at 21–22; Supp. Br. at 2–10.

Statutory interpretation "begins with the statutory text, and ends there as well if the text is unambiguous." *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004). "Thing" is a very broad term that can encompass real property, as well as goods and incorporeal property such as a title deed or a tenancy. *See Thing*, Black's Law Dictionary (10th ed. 2014). Plaintiff argues that the statutory language unambiguously permits seizure of real property if it constitutes "other thing used . . . to aid in, or to facilitate . . . the . . . concealing [or] harboring" of an illegally

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case Nos. | SA CV 17-01592 DMG (SPx)<br>ED CV 17-01872 DMG (SPx)<br>ED CV 17-01873 DMG (SPx) ✓<br>ED CV 17-01875 DMG (SPx) | Date | August 6, 2021 |
|---|---|---|---|
| Titles | *United States of America v. Real Property Located at 2323 Main Street, Irvine, California; United States of America v. Real Property Located at 10681 Production Avenue, Fontana, California; United States of America v. Real Property Located at 1001 S. Doubleday Avenue, Ontario, California; United States of America v. Real Property Located at 14600 Innovation Drive, Riverside, California* | Page | 8 of 12 |

imported "article." Pl.'s Supp. Br. at 7–9. But the Supreme Court has held that "'[t]he plainness or ambiguity of statutory language is determined [not only] by reference to the language itself, [but as well by] the specific context in which that language is used, and the broader context of the statute as a whole.'" *Yates v. United States*, 574 U.S. 528, 537 (2015) (quoting *Robinson v. Shell Oil Co.,* 519 U.S. 337, 341 (1997)). Indeed, Plaintiff recognizes that all of the enumerated "thing[s]" set forth in Section 1595a(a), *i.e.* vessels, vehicles, animals, and aircrafts, are "types of conveyances" and "listed forms of transportation." Pls. Supp. Br. at 7. Thus, the context of the statute introduces some ambiguity as to whether "thing" is used in its widest possible meaning, including to cover real property and incorporeal property, or in a more specific sense.

The Court therefore turns to established interpretive canons. Under the canons of *ejusdem generis* and *noscitur a sociis*, "'[w]here general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words.'" *Wash. State Dep't of Soc. & Health Servs. v. Guardianship Est. of Keffeler*, 537 U.S. 371, 384 (2003) (quoting *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 114–115 (2001); *see also see Gutierrez v. Ada*, 528 U.S. 250, 255 (2000) ("[W]ords . . . are known by their companions[.]"); *Jarecki v. G.D. Searle & Co.*, 367 U.S. 303, 307 (1961) ("The maxim *noscitur a sociis* . . . is often wisely applied where a word is capable of many meanings in order to avoid the giving of unintended breadth to the Acts of Congress"). Under this canon, where Congress specifies that the government may seize a "vessel, vehicle, animal, [or] aircraft," the general word "thing" following those specific words embraces only those types of property that are similar in nature to a vessel, vehicle, animal, or aircraft. Because all of the specified items are conveyances or modes of transportation, and real property is categorically distinct from movable property which may convey or transport goods, Section 1595a(a) is most logically construed under the canon of *ejusdem generis* as applying only to all types of conveyances or modes of transportation, rather than to immovable property.[7]

---

[7] Although Plaintiff argues that "vessel, vehicle, animal, [and] aircraft" is a comprehensive list that "exhaust[s] the genus" of property that can be used as conveyances, that conclusion is self-evidently untrue. *See* Pl.'s Supp. Br. at 11 (citing *Mason v. United States*, 260 U.S. 545, 554 (1923)). Other types of conveyances or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case Nos. | SA CV 17-01592 DMG (SPx)<br>ED CV 17-01872 DMG (SPx)<br>ED CV 17-01873 DMG (SPx) ✓<br>ED CV 17-01875 DMG (SPx) | Date | August 6, 2021 |
|---|---|---|---|
| Titles | *United States of America v. Real Property Located at 2323 Main Street, Irvine, California; United States of America v. Real Property Located at 10681 Production Avenue, Fontana, California; United States of America v. Real Property Located at 1001 S. Doubleday Avenue, Ontario, California; United States of America v. Real Property Located at 14600 Innovation Drive, Riverside, California* | Page | 9 of 12 |

The statute must also be interpreted as a whole. *ASARCO, LLC v. Celanese Chem. Co.*, 792 F.3d 1203, 1210 (9th Cir. 2015). The first clause refers to exceptions under Section 1594(b) and (c), which provide a defense for innocent owners of a "conveyance used by any person as a common carrier" or a "vessel, vehicle, or aircraft . . . subject to forfeiture." 19 U.S.C. § 1594(b)-(c). No defense is specified anywhere in the Tariff Act for innocent owners of real property. Moreover, prior sections of the Tariff Act's same subtitle and subpart—Subtitle III "Administrative Provisions" and Part V "Enforcement Provisions"—refer specifically to seizure of "any vessel, vehicle, or merchandise." *Id.* §§ 1591(e), (f). Subsequent sections of the subpart section describing the procedures customs officers should take when something is seized refers specifically to "any vessel, vehicle, aircraft, merchandise, or baggage seized under the customs laws." *Id.* §§ 1606, 1612; *see also id.* § 1602, 1605, 1607–1611, 1613 (using nearly identical formulations of the quoted phrase). Without any other reference that could cover the seizure of real property or other intangible "things," or any judicial proceedings with respect to *in rem* civil forfeiture, the enforcement provisions as a whole must be read to apply only to seizure of conveyances or other modes of transportation as well as the unlawfully imported items themselves.

The canon of *expressio unius est exclusio alterius* is also relevant when examining the rest of the subpart and the Tariff Act's preceding subpart. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 63 (2006) ("[W]here words differ as they differ here, 'Congress acts intentionally and purposely in the disparate inclusion or exclusion.'" (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983)). The statutory provision directly preceding the one at issue here refers to "Searches and Seizures." 19 U.S.C. § 1595. It authorizes an officer to apply for a warrant to search a "dwelling house" or "store or other place" if the officer has probable cause to believe that any forfeitable property is "in any dwelling house, store, or other building or place."

---

modes of transportation come to mind that could fall under the catch-all of "thing" involved in bringing in, unlading, landing, removal, concealing, harboring, or subsequent transportation of unlawfully imported goods, such as baggage, bicycles, drones, and even digital conveyances like hard drives and USB sticks.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case Nos. | SA CV 17-01592 DMG (SPx)<br>ED CV 17-01872 DMG (SPx)<br>ED CV 17-01873 DMG (SPx) ✓<br>ED CV 17-01875 DMG (SPx) | Date | August 6, 2021 |
|---|---|---|---|
| Titles | *United States of America v. Real Property Located at 2323 Main Street, Irvine, California; United States of America v. Real Property Located at 10681 Production Avenue, Fontana, California; United States of America v. Real Property Located at 1001 S. Doubleday Avenue, Ontario, California; United States of America v. Real Property Located at 14600 Innovation Drive, Riverside, California* | Page | 10 of 12 |

*Id.* § 1595(a). The section also authorizes an officer to "enter into or upon or pass through the lands, inclosures, and buildings, other than the dwelling house, of any person whomsoever, in the discharge of his official duties." *Id.* § 1595(b). Where Congress expressly used words describing real property in this section, but in the following section used only "vessel, vehicle, animal, aircraft, or other thing," the exclusion of words such as "dwelling house, store, or other building or place" is notably purposeful. *Id.* § 1595a(a). Similarly, the entire preceding subsection of the Tariff Act regarding "Transportation in Bond and Warehousing of Merchandise" regulates how the government may establish "bonded warehouses" for use in storing merchandise. *See, e.g.*, *id.* §§ 1551 *et seq.* It specifically describes "buildings or parts of buildings and other enclosures" that may be designated as such warehouses. *Id.* § 1555. Congress thereby also utilized specific words describing real property in this subsection which it could have used in Section 1595a(a) had it intended for the government to be able to seize real property. This interpretive canon also supports a narrower reading of the term "thing" in Section 1595a(a).

Plaintiff points to an entirely different statute, the Immigration and Nationality Act ("INA"), first enacted in 1952, to argue that had Congress intended to limit the forfeiture authority in the Tariff Act to "conveyances," it could have utilized the language it later used in the INA to provide forfeiture authority for "any conveyance, including any vessel, vehicle or aircraft used in a commission of a violation of" § 1324(a), which criminalizes, *inter alia*, the bringing in or transportation of unauthorized immigrants, as well as the actual or attempted concealment or harboring such individuals. *See* Pl.'s Supp. Br. at 6 (quoting 8 U.S.C. § 1324(b)). But the canon of *expressio unius est exclusio alterius* does not stretch across all legislation in all decades and disciplines. Rather, to the extent that "statutory construction 'is a holistic endeavor,' the meaning of a provision is 'clarified by the *remainder of the statutory scheme* . . . [when] only one of the permissible meanings produces a substantive effect that is compatible with the rest of the law.'" *United States v. Cleveland Indians Baseball Co.*, 532 U.S. 200, 217–18 (2001) (quoting *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 371 (1988) (emphasis added). In light of the clear references in the remainder of the Tariff Act that the things to be seized are generally contemplated as "any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case Nos. | **SA CV 17-01592 DMG (SPx)**<br>**ED CV 17-01872 DMG (SPx)**<br>**ED CV 17-01873 DMG (SPx)** ✓<br>**ED CV 17-01875 DMG (SPx)** | Date | August 6, 2021 |
|---|---|---|---|
| Titles | *United States of America v. Real Property Located at 2323 Main Street, Irvine, California; United States of America v. Real Property Located at 10681 Production Avenue, Fontana, California; United States of America v. Real Property Located at 1001 S. Doubleday Avenue, Ontario, California; United States of America v. Real Property Located at 14600 Innovation Drive, Riverside, California* | Page | 11 of 12 |

vessel, vehicle, aircraft, merchandise, or baggage," and without any specific reference to real property, the Court does not find that the "conveyance" language in the INA serves any interpretive purpose with respect to the Tariff Act. *See, e.g.*, 19 U.S.C. § 1606.

Plaintiff also points to two district court cases that referred to Section 1595a(a) in ordering forfeiture of real property. *See United States v. 5443 Suffield Terrace*, No. 02 C 1883, 2008 WL 4874826 (N.D. Ill. June 17, 2008), *aff'd*, 607 F.3d 504 (7th Cir. 2010); *United States v. Real Prop. Known as 6421 Break Point Ave.*, No. CV 02-0636-PMP-RJJ, 2006 WL 1788382 (D. Nev. June 26, 2006). But *6421 Break Point Ave.*'s conclusions of law did not in fact address Section 1595a(a), and the real property was ordered forfeited under 18 U.S.C. section 981(a)(1)(C) and 21 U.S.C. section 881(a)(6) due to its traceability to other criminal activity, including the exchange of controlled substances. *See* 2006 WL 1788382 at *8–10. Similarly, the *in rem* forfeiture in *5443 Suffield Terrace* was also in part pursuant to 18 U.S.C. section 981(a)(1)(C), because the owner of the property made mortgage payments using the profits of an illegal business. 2008 WL 4874826 at *1–3. Neither the district court nor the Seventh Circuit engaged in any analysis of the Tariff Act, instead focusing on the provenance of the money used to make mortgage payments, as appropriate for a forfeiture action under 18 U.S.C. section 981(a)(1)(C). *Id.*; *see also 5443 Suffield Terrace, Skokie*, 607 F.3d at 509–10. Because both of these cases ultimately relied on other civil forfeiture provisions, neither provides a substantial counterpoint to the statutory interpretation here.

The Court also finds the parties' arguments based on CAFRA to be irrelevant. Under CAFRA, no real property can be seized before entry of a judicial order of forfeiture. *See* 18 U.S.C. §§ 985(a), (b)(1)(A). CAFRA Section 985's provisions apply "[n]otwithstanding any other provision of law." *Id.* § 985(a). Plaintiff therefore correctly asserts that "[t]here is no question that § 985 applies to this case because it involves real property," regardless of what civil forfeiture statute authorizes the forfeiture. Pl.'s Supp. Br. at 14 (citation and emphasis omitted). But CAFRA's procedures regarding *in rem* civil forfeiture apply in this action only if the Tariff Act, or some other statutory provision, in fact authorizes forfeiture of real property. For the reasons stated above, the Court concludes that Section 1595a(a) provides no such authority.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case Nos. | **SA CV 17-01592 DMG (SPx)**<br>**ED CV 17-01872 DMG (SPx)**<br>**ED CV 17-01873 DMG (SPx)** ✓<br>**ED CV 17-01875 DMG (SPx)** | Date | August 6, 2021 |
|---|---|---|---|
| Titles | *United States of America v. Real Property Located at 2323 Main Street, Irvine, California; United States of America v. Real Property Located at 10681 Production Avenue, Fontana, California; United States of America v. Real Property Located at 1001 S. Doubleday Avenue, Ontario, California; United States of America v. Real Property Located at 14600 Innovation Drive, Riverside, California* | Page | 12 of 12 |

## V.
## CONCLUSION

In light of the foregoing, the Court concludes that 19 U.S.C. section 1595a(a), providing for seizure and forfeiture of "every vessel, vehicle, animal, aircraft, or other thing used in" connection with the importation of unlawful goods under the Tariff Act, does not authorize the seizure and forfeiture of real property. Accordingly, Plaintiff cannot bring the instant *in rem* civil forfeiture actions pursuant to Section 1595a(a). Claimants' motions to dismiss are **GRANTED**, and Plaintiffs' Complaints are **DISMISSED** with respect to *in rem* civil forfeiture actions pursuant to Section 1595a(a). *See* MTD, No. SA CV 17-01592 DMG (SPx) [Doc. # 14]; MTD, No. ED CV 17-01872 DMG (SPx) [Doc. # 14]; MTD, No. ED CV 17-01873 DMG (SPx) [Doc. # 14]; MTD, No. ED CV 17-01875 DMG (SPx) [Doc. # 13].

This dismissal does not preclude, however, amendment to assert civil forfeiture under any other applicable statute. The Court therefore **ORDERS** the parties to file a joint status report by **August 13, 2021**, addressing whether Plaintiff will file amended Verified Complaints in each action and how the parties seek to proceed with these actions in light of the stay and the ongoing criminal proceedings against Claimants. If the parties do not file a timely report, the Court will deny all pending motions as moot and close these actions.

**IT IS SO ORDERED.**